Filed 5/14/24  P. v. Silva CA2/5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>RAFAEL FIGUEROA SILVA,<br><br>    Defendant and Appellant. | B328753<br><br>(Los Angeles County<br>Super. Ct. No. TA087038) |

APPEAL from an order of the Superior Court of Los Angeles County, Sean D. Coen, Judge.  Affirmed.

Edward H. Schulman, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Noah P. Hill and Heidi Salerno, Deputy Attorneys General, for Plaintiff and Respondent.

# I. INTRODUCTION

Defendant Rafael Figueroa Silva appeals from an order denying his petition for resentencing pursuant to Penal Code section 1172.6.[1]  We affirm.

# II. BACKGROUND

## A. *Underlying Criminal Conviction*

On May 5, 2008, the Los Angeles County District Attorney (District Attorney) filed an amended information alleging among other things that defendant and codefendant Eudaldo Delatorre committed the attempted willful, deliberate, and premeditated murder of David Folger (§§ 187, 664; count 1) and shot from a motor vehicle at David Folger (§ 12034, subd. (c); count 3).[2]  For each count, the District Attorney also alleged that a principal personally and intentionally discharged a firearm which caused great bodily injury or death (§ 12022.53, subds. (d) and (e)(1)), a principal personally and intentionally discharged a firearm (*id.*, subds. (c) and (e)(1)), a principal personally used a firearm (*id.*, subds. (b) and (e)(1)), and the crime was committed for the

---

[1]    Further statutory references are to the Penal Code unless otherwise indicated.

    The Legislature renumbered section 1170.95 as section 1172.6 effective June 30, 2022.  (Stats. 2022, ch. 58, § 10.)  For clarity, we will refer to section 1172.6 throughout this opinion.

[2]    For count 2, the District Attorney alleged defendant committed the attempted murder of Darrell Folger.  The jury found defendant not guilty of this count.

benefit of a criminal street gang (§ 186.22, subds. (b)(1)(C)).  As to codefendant Delatorre only, the District Attorney further alleged that he personally and intentionally discharged and used a firearm.

On May 15, 2008, a jury convicted defendant of counts 1 and 3.  The jury also found true the firearm allegations, and that the crime was committed for the benefit of a criminal street gang.

On June 10, 2008, the trial court sentenced defendant to 39 years to life for count 1, consisting of 14 years to life, plus a consecutive 25 years to life for the firearm enhancement pursuant to section 12022.53, subdivision (d).  The court stayed the sentence on count 3 pursuant to section 654.[3]  This court affirmed the judgment on appeal.  (*People v. Silva* (Sept. 18, 2009, B209044) [nonpub. opn.].)

B.      *Section 1172.6 Petition*

On April 19, 2022, defendant filed a section 1172.6 petition for resentencing.  On April 25, 2022, the trial court appointed counsel for defendant.[4]

---

[3]      The Attorney General requests that this court treat the factual recitation in the respondent's brief as errata and "incorporat[e] this Court's factual summary from its underlying opinion by reference."  We take judicial notice of our prior opinion (Evid. Code, § 452, subd. (d)) but observe that the factual summary in that opinion is not evidence that may be considered at the prima facie stage.  (*People v. Flores* (2022) 76 Cal.App.5th 974, 988.)

[4]      On May 31, 2022, defendant filed a second petition for resentencing, which was identical to the first, except that it

On December 16, 2022, the District Attorney filed a response and attached as exhibits this court's prior opinion, the jury instructions, and the verdict forms.  As relevant here, at trial, the trial court instructed the jury with:  CALCRIM Nos. 400 and 401, aiding and abetting; CALCRIM No. 600, attempted murder; and CALCRIM No. 601, deliberation and premeditation for attempted murder.  The court did not instruct the jury on the natural and probable consequences doctrine.[5]

On January 24, 2023, the trial court found that because the jury was never instructed on the natural and probable consequences doctrine, defendant was ineligible for relief as a matter of law.  Defendant timely appealed.

## III.   DISCUSSION

Section 1172.6 "creates a procedure for convicted murderers [and attempted murderers] who could not be convicted under the law as amended to retroactively seek relief."  (*People v. Lewis* (2021) 11 Cal.5th 952, 957 (*Lewis*); *People v. Drayton* (2020) 47 Cal.App.5th 965, 973 (*Drayton*), abrogated by *Lewis, supra*, 11 Cal.5th at p. 963.)  "If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause."  (§ 1172.6, subd. (c).)

---

included a notice of service to the District Attorney's Office.  The trial court, after noting that the petition was duplicative of the first, took no further action on it.

[5]     Nor did the trial court instruct the jury on the felony murder theory.

"While the trial court may look at the record of conviction after the appointment of counsel to determine whether a petitioner has made a prima facie case for section [1172.6] relief, the prima facie inquiry under subdivision (c) is limited. Like the analogous prima facie inquiry in habeas corpus proceedings, '"the court takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved. If so, the court must issue an order to show cause."' (*Drayton, supra*, 47 Cal.App.5th at p. 978, quoting Cal. Rules of Court, rule 4.551(c)(1).) '[A] court should not reject the petitioner's factual allegations on credibility grounds without first conducting an evidentiary hearing.' (*Drayton,* [*supra*, 47 Cal.App.5th] at p. 978, fn. omitted . . . .) 'However, if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner."' (*Drayton,* [*supra*, 47 Cal.App.5th] at p. 979 . . . .)

". . . In reviewing any part of the record of conviction at this preliminary juncture, a trial court should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' (*Drayton, supra*, 47 Cal.App.5th at p. 980.) . . . [T]he 'prima facie bar was intentionally and correctly set very low.'" (*Lewis, supra*, 11 Cal.5th at pp. 971–972.)

Defendant contends that the aiding and abetting and premeditation instructions permitted the jury to "impute" to him the mental state of premeditation and deliberation. In defendant's view, he therefore satisfied his prima facie burden under section 1172.6, subdivision (c). We review de novo defendant's contention that the trial court did not conduct a

proper inquiry at the prima facie stage.  (*People v. Coley* (2022) 77 Cal.App.5th 539, 545 (*Coley*).)

The trial court instructed the jury on premeditation, in part, as follows:  "The attempted murder was done willfully and with deliberation and premeditation if either Rafael Silva or Eudaldo Delatorre or both of them acted with that state of mind." (See CALCRIM No. 601.)  According to defendant, the use of the disjunctive allowed the jury to impute Delatorre's state of mind to him.  Defendant's argument is inapposite for purposes of his entitlement to relief under section 1172.6.  Regardless of the relative merits of defendant's challenge to the jury instruction regarding the jury's deliberation and premeditation finding, defendant does not dispute that he was convicted of attempted murder under a direct aiding and abetting theory predicated on a finding of specific intent to kill, a finding that renders him ineligible for relief under section 1172.6 as a matter of law.  (Cf. *People v. Gonzalez* (2023) 87 Cal.App.5th 869, 880 [rejecting defendants' argument that § 1172.6 "requires a trial court to reduce a first degree murder conviction to second degree murder if it did not find the defendant committed the murder with deliberation and premeditation. . . .  Section 1172.6's plain language does not contain a mechanism for a trial court to reduce a first degree murder conviction to second degree murder"].)

Section 1172.6, subdivision (a) provides in relevant part: "A person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime, *attempted murder under the natural and probable consequences doctrine*, or manslaughter may file a petition with the court that sentenced the petitioner to

6

have the petitioner's murder, attempted murder, or manslaughter conviction vacated and to be resentenced on any remaining counts . . . ." (Italics added.)

"Section [1172.6] applies by its terms only to attempted murders based on the natural and probable consequences doctrine. [Citation.] The jurors in this case were not instructed on that doctrine. They were given CALCRIM Nos. 400 and 401, on the theory of direct aiding and abetting, as well as CALCRIM No. 600, which advised them that an attempted murder conviction required a finding that 'the defendants intended to kill [the victim].' Direct aiding and abetting remains a valid theory of attempted murder after the enactment of Senate Bill No. 775. (*People v. Sanchez* (2022) 75 Cal.App.5th 191, 197.)" (*Coley, supra*, 77 Cal.App.5th at p. 548.) Defendant seeks to distinguish *Coley* on the grounds that the jury in that case did not find that defendant committed the attempted murder with premeditation. That procedural distinction, however, does not require a different result here as the statutory language controls. "'"As in any case involving statutory interpretation, our fundamental task here is to determine the Legislature's intent so as to effectuate the law's purpose. [Citation.] We begin by examining the statute's words, giving them a plain and commonsense meaning.'"'" (*People v. Gonzalez* (2017) 2 Cal.5th 1138, 1141.) We therefore reject defendant's argument.

## IV.  DISPOSITION

The order denying the section 1172.6 petition is affirmed.

NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

KIM, J.

We concur:

MOOR, Acting P. J.

LEE, J.*

---

\*      Judge of the San Bernardino Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.